**DUC VAN LE, on behalf of himself and the class of persons similarly situated, Petitioner,**

v.

**Irene M. IBARRA, in her official capacity as the Executive Director of the Colorado Department of Social Services; Henry Solano, in his official capacity as Executive Director of the Colorado Department of Institutions; Robert Bau-**

serman, Robbie L. Bean, Susanne D. Dosh, Dennis Fisher, Mary Kyer, Peggy Stokstad, John P. Stone, and Richard F. Walker in their official capacities as members of the Colorado Board of Social Services, Respondents.

No. 91SC189.

Supreme Court of Colorado,
En Banc.

Dec. 14, 1992.

Rehearing Denied Jan. 11, 1993.

Law Offices of John Robert Holland, John R. Holland, Law Office of Kathleen Mullen, P.C., Kathleen Mullen, Denver, Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Farley, Deputy Atty. Gen., Wade Livingston, John August Lizza, First Asst. Attys. Gen., Stacy L. Worthington, Asst. Atty. Gen., Denver, for respondents.

Judith Howell, Denver, for amicus curiae Catholic Community Services of the Archdiocese of Denver.

Donald W. Hoagland, Denver, for Colorado Coalition for Health Care Access.

Horowitz & Berrett, P.C., David M. Berrett, Denver, for amicus curiae Capitol Hill Action & Recreation Group & Colorado Ass'n for the Mentally Ill.

Kristin A. Kutz, William P. Bethke, Denver, for amicus curiae Center for Legal Advocacy, d/b/a Legal Center Serving Persons With Disabilities.

Pendleton & Sabian, P.C., Richard F. Hennessey, William J. Martinez, Denver, for amicus curiae Colorado Psychiatric Soc.

Frank & Finger, P.C., William S. Finger, Evergreen, for amicus curiae Atlantis Community, Inc.

Legal Aid Society of Metropolitan Denver, Linda J. Olson, Jonathan D. Asher, Denver, Colorado Coalition of Legal Services Programs, Daniel M. Taubman, Denver, for amicus curiae Dorothy Harberson.

Kelly/Haglund/Garnsey & Kahn, Christine L. Murphy, Denver, for amicus curiae Colorado Coalition for the Homeless, Salvation Army Social Services Div., Samaritan House, and Sacred Heart House.

Dudley P. Spiller, Jr., Denver, for amicus curiae Capitol Hill United Neighborhoods, Inc.

Peggy E. Montano, Ann E. Mesmer, Denver, for amicus curiae Colorado Alliance, for the Mentally Ill and Mental Health Ass'n of Colorado, Inc.

Wiley Daniel, Denver, for amicus curiae Colorado Bar Ass'n.

PER CURIAM.

This case has been heard and reviewed by the court. Justice LOHR, Justice QUINN, and Justice KIRSHBAUM favor affirmance of the judgment of the Denver District Court. *Duc Van Le v. Ibarra*, No. 88CV22641 (Aug. 23, 1990). Chief Justice ROVIRA, Justice ERICKSON, and Justice MULLARKEY favor reversal. Justice VOLLACK did not participate.

Accordingly, the judgment of the district court is affirmed by operation of law because of an equally divided court. C.A.R. 35(e).

ORDER OF COURT

Upon consideration of the Petitions for Rehearing filed in the above cause, and now being sufficiently advised in the premises,

IT IS THIS DAY ORDERED that said Petitions for Rehearing shall be, and the same hereby is, DENIED.

ROVIRA, C.J., and ERICKSON and MULLARKEY, JJ., would grant the petitions.

ERICKSON, J., dissents to the denial of the Petitions for Rehearing.

VOLLACK, J., does not participate.

Justice ERICKSON dissenting to the denial of the petitions for rehearing:

In this class action, the trial court held that the respondents, administrators of state social service programs, violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1988) (section 504), and the Fourteenth Amendment to the United States Constitution (Fourteenth Amendment) by failing to provide Duc Van Le and the members of the class of low-income mentally ill persons (petitioners), with the same Home and Community-Based Services (HCBS) program that is provided to elderly, blind, and physically disabled persons. The trial court entered an injunctive order that required the respondents to provide HCBS benefits to the petitioners.[1] The respondents appealed the judgment of the trial court to the court of appeals and we granted certiorari before judgment.

We were equally divided on the resolution of the issues in this case and the judgment of the trial court was affirmed by operation of law. *See* C.A.R. 35; *People ex rel. Link v. Tucker*, 96 Colo. 273, 42 P.2d 472 (1934). As a result of the affirmance, the August 23, 1990 trial court order has become the controlling document in this case. The respondents filed petitions for rehearing, which are directed to the trial court's order. In my view, the trial court erred in ordering the respondents to provide HCBS benefits to the petitioners so long as they provided the same benefits to the elderly, blind, and physically disabled. The respondents are allowed to target Medicaid benefits to discrete groups of disabled individuals and the targeting of Medicaid benefits under an HCBS waiver program does not violate the Fourteenth Amendment.[2] The petition for rehearing submitted by the respondent Colorado Department of Social Services demonstrates that there were, and presently are, no funds appropriated or available for the HCBS services sought by the mentally ill in this case.[3] I would therefore grant the respondents' petitions for rehearing.

*

1. The trial court's order provides:
   IT IS THEREFORE ORDERED that plaintiff Duc Van Le and members of the class, as previously certified, are entitled to meaningful access to the same HCBS program services which are currently provided to the elderly, blind and physically disabled persons.
   IT IS FURTHER ORDERED that:
   1. State defendants, their agents and employees are permanently enjoined from denying plaintiff and class members HCBS benefits solely on the basis that their primary diagnosis is mental illness.
   2. So long as state defendants provide HCBS benefits to elderly, blind and physically disabled persons, they shall provide the same services for plaintiff and class members.

2. The imposition of liability on respondent Henry Solano, Director of the Colorado Department of Institutions, based on his failure to provide HCBS services to mentally disabled persons was also affirmed by operation of law. Because I would resolve the section 504 and equal protection issues in favor of the respondents, I perceive no need to address the liability of Solano. I note, however, that there is nothing in the record of this case which supports the trial court's conclusion that Solano or the Department of Institutions ever provided HCBS services to the elderly, blind, or physically disabled. Therefore, I perceive no basis in either fact or law for the trial court's conclusion that Solano is liable to the petitioners or should be enjoined as ordered by the trial court.

3. In fiscal year 1989, the General Assembly appropriated approximately $450 million for Medicaid expenditures, an amount representing 10% of the entire state budget. 1988 Colo.Sess.Laws, ch. 1, Part XXI, pp. 86, 91. In fiscal year 1991, the amount of funds allocated to Medicaid increased to over $665 million, or almost 13% of the state budget. 1990 Colo.Sess.Laws, ch. 1, Part XXI, pp. 83, 88. In the 1992 fiscal year, the amount appropriated to Medicaid expenditures has increased to over $1.1 billion, or almost 18% of the entire state budget. 1991 Colo.Sess. Laws, ch. 340, Part XX, pp. 2639, 2648.